UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOK PHALLA,<br><br>              Petitioner,<br><br>      v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>              Respondents. | Case No.  1:26-cv-00044-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S REQUEST TO STAY ORDER MODIFYING THE COURT'S FEBRUARY 17, 2026 ORDER<br><br>(Doc. 21) |

Pending before the Court is Petitioner's request to stay the March 12, 2026 Order modifying the Court's February 17, 2026 Order. (Doc. 17). Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex in McFarland, California, challenging his detention without a bond hearing. (Doc. 1, "Petition").

On February 11, 2026, Respondents filed a response to the Petition arguing that Petitioner is subject to a final order of removal and detained pursuant to discretionary detention authority under 8 U.S.C. § 1231(a), noting that DHS had applied for travel documents to effectuate the removal order by removing Petitioner to Cambodia. (Doc. 13). On February 17, 2026, the Court appointed counsel for Petitioner and ordered that "Respondents shall not remove Petitioner from

1

the United States nor transfer Petitioner out of this District." (Doc. 14).  On March 10, 2026, Respondents filed a request for modification of the February 17, 2026 Order, with attached travel document, advising the Court that they procured a travel document from the Kingdom of Cambodia effective until September 4, 2026 for single use for the purpose of return to Cambodia. (Doc. 17, 17-1).  On March 12, 2026, the Court granted Respondent's request and modified its February 17, 2026 Order to permit Petitioner's transfer out of the district "for the sole purpose of boarding a flight to Cambodia as a part of Petitioner's removal order." (Doc. 17, "modification order").

On March 13, 2026, Petitioner filed the instant request to stay the modification order to "allow Petitioner to have full consultation with counsel." (Doc. 21).  On March 24, 2026, Respondents informed the Court that Petitioner has already been discharged from the Golden State Annex Detention facility and transported to the Arizona staging area awaiting a departing flight to Cambodia, and they expect to receive confirmation that Petitioner has been removed from the United States no later than March 27, 2026.  (Doc. 25).  Respondents argue a stay would be moot, as Petitioner is no longer in the district, and is expected to depart from the United States "in a matter of days consistent with the Court's order."  (*Id*. at 2).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, (1936)).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *Irvin v. Yates*, 783 F. App'x 695, 696 (9th Cir. 2019) (not abuse of discretion to deny stay wen plaintiff provides no justification for a stay).

Here, Petitioner seeks to stay the modification order to "allow Petitioner to have full consultation with counsel." (Doc. 21 ("[e]ven in the event there is no legal recourse to stop removal, [] counsel requests additional time to consult with Petitioner to explain to him the court orders in his case and gather his response.")).  However, Petitioner fails to cite any relevant legal

authority in support of this request, nor does he articulate any argument as to why the need to consult with counsel at this stage of proceedings constitutes good cause to stay the modification order.  Thus, Petitioner has not met his burden of establishing the need for a stay under the circumstances presently before the Court.

Accordingly, it is **ORDERED**:

Petitioner's Request to stay the Court's Order modifying the February 17, 2026 Order (Doc. 21) is **DENIED**.

Dated:    March 25, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3